IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDY CHRISTIANSON, <br><br> Plaintiff, <br><br> vs. <br><br> UNION PACIFIC RAILROAD CO., <br><br> Defendant. | 8:23CV247 <br><br> MEMORANDUM AND ORDER |

This is an action for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. (ADA) in which Plaintiff, Randy Christianson, alleges that Defendant, Union Pacific Railroad, unlawfully discriminated against him on the basis of his disability when it ordered him to submit to a functional capacity examination, issued restrictions against him, and/or failed to accommodate said restrictions. Filing No. 10 at 6. This Court previously denied Union Pacific's motion to dismiss for failure to state a claim. Filing No. 14 (motion to dismiss); Filing No. 18 (order denying motion to dismiss). This matter now comes before the Court on Union Pacific's motion for reconsideration under Fed. R. Civ. P. 60(b) regarding whether the Court misinterpreted Christianson's 2018 "facsimile transmittal page" as a fax confirmation sheet. Filing No. 19; Filing No. 20.

## BACKGROUND

Christianson was working for Union Pacific as a foreman when he tripped and fell at work in December of 2017. Filing No. 10 at 2. He was removed from service by Union Pacific and was requested to submit to a functional capacity examination ("FCE"). Id. at 2–3. Christianson claims that the FCE results were, in part, the reason that Union Pacific ultimately did not allow him to return to work. Id. at 3.

1

Christianson alleges that he filed a charge with the Equal Employment Opportunity Commission (EEOC) on July 16, 2018.  Filing No. 10 at 3.  He attached to his complaint a copy of the charge and a "facsimile transmittal sheet" indicating the charge was sent to the EEOC via fax.  Filing No. 10-10 at 7–9.  In 2023, Christianson's counsel provided the EEOC with a list of charges that he had filed against Union Pacific, including Christianson's.  Filing No. 10-5 at 2–3.  The EEOC informed Christianson's counsel in an email dated March 1, 2023, that they had no record of the charge in their system.  Filing No. 10 at 4; Filing No. 10-15 at 3–4.  The EEOC dismissed the charge as untimely, and Christianson filed a complaint with this Court within ninety days of the dismissal.  Filing No. 10 at 4.

Union Pacific moved to dismiss Christianson's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, arguing Christianson's claim is time-barred due to the EEOC having not received Christianson's administrative charge in 2018.  Filing No. 14.  This Court found that Christianson's amended complaint asserted sufficient allegations, when taken as true, to state a claim against Union Pacific for a violation of the ADA.  With respect to the timeliness argument, the Court found that Christianson's allegation that he filed his charge with the EEOC on July 16, 2018, was adequate to survive a motion under Rule 12(b)(6).  Filing No. 18 at 5.  In so holding, the Court cited a case in which the Seventh Circuit found a dispute over a faxed EEOC charge was sufficient to create a material dispute of fact precluding summary judgment.  Filing No. 18 at 4 (citing *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 474 (7th Cir. 2009)).  Union Pacific now moves that this Court to reconsider its order (Filing No. 18) denying Union Pacific's motion to dismiss on the grounds that this Court

mistakenly regarded the 2018 facsimile transmission sheet as a machine-generated facsimile confirmation sheet. Filing No. 19. Union Pacific criticizes the Court's reliance on *Laouini*, arguing that case is inapposite because it involved a fax *confirmation* sheet rather than a fax *transmittal* sheet. Filing No. 10-10 at 9. Christianson contends that, regardless of the production of any fax confirmation sheet, the question of whether a charge was timely filed is an issue of fact to be determined by the jury, and the Court therefore correctly denied Union Pacific's motion to dismiss. Filing No. 21 at 1. Alternatively, Christianson argues the deadline to file his EEOC charge was equitably tolled because Union Pacific had notice of his claim but remained silent about him allegedly failing to file a charge with the EEOC or because of his alleged pattern and practice of discrimination by Union Pacific. *Id.*

## STANDARD OF REVIEW

A motion to reconsider has been construed by federal courts as "arising under either Rule 59(e) (motion to alter or amend the judgment) or Fed. R. Civ. P. 60(b) (relief from judgment for mistake or other reason)." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Here, Union Pacific asserts Rule 60(b) as the basis for its motion. Filing No. 20 at 3. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010); *Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (citing *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). Further, it is improper to utilize a motion for reconsideration as a means of tendering new legal theories for the first time." *Id.* (citing *Hagerman*, 839 F.2d at 414).

3

As set forth in the Court's first order denying the motion to dismiss, under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader if entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## DISCUSSION

Defendant Union Pacific Railroad Company has requested that this Court reconsider or clarify its order (Filing No. 18) denying Union Pacific's motion to dismiss. Filing No. 19; Filing No. 20. The basis of Union Pacific's argument is that the Court erred in relying on the *Laouini* case in discussing Christianson's conveyance of his complaint to the EEOC. Union Pacific argues that since *Laouini* involved a fax confirmation sheet, this means the Court misconstrued Christianson's fax transmittal sheet to be a facsimile confirmation sheet. Filing No. 20 at 2–3 (citing *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009)). Union Pacific argues the fax transmittal page is inadequate to show timely filing because it lacks a facsimile-generated timestamp or other

4

automatically generated indicia that the EEOC received the transmission.  Filing No. 20 at 4 (citing *Laouini*, 586 F.3d at 476).

The Seventh Circuit Court in *Laouini* stated that the "failure to timely file an administrative charge is an affirmative defense, and the burden of proof at summary judgment therefore rests on the defendant." *Laouini*, 586 F.3d at 475 (citations omitted). The Seventh Circuit concluded that, "where it was not the plaintiff who had to prove receipt, but the defendant who had to prove the absence of receipt," a sender-generated fax confirmation sheet precludes the granting of summary judgment.  *Id.* at 477.  *Laouini* therefore stands for the proposition that evidence of timely filing via a sender-generated fax confirmation sheet is a factual question, not for the idea that a fax transmittal sheet can *never* be proof of filing as Union Pacific contends.

Further, as the Court stated in its order on the motion to dismiss, Christianson alleges timely filing in his complaint and this, in conjunction with the fax transmittal sheet, is adequate to state a claim upon which relief can be granted.  Whether Christianson timely filed his EEOC charge is a question of fact inappropriate for resolution at the pleading stage.  "A claim may not be dismissed under Rule 12(b)(6) or Rule 56 where questions of material fact exist as to the timeliness of the complainant's efforts to exhaust [administrative remedies]." *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011).[1]

---

[1] Because the Court determines Christianson has adequately stated a claim upon which relief can be granted, it need not opine on his alternative arguments for tolling of the filing deadline.  The parties may argue the issue of tolling on summary judgment if they determine it is appropriate to do so.

## CONCLUSION

Christianson has adequately stated a claim upon which relief can be granted and there is no basis for the Court to reconsider or modify its earlier order so holding. Consequently, this Court determines that the motion for reconsideration should be denied.

IT IS ORDERED:

1. Defendant's motion for reconsideration (Filing No. 19) is denied.

2. Defendant is ordered to answer or otherwise respond to the complaint within 14 days of the date of this order.

Dated this 20th day of February, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge