IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDY CHRISTIANSON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>　　　　　　Defendant. | **8:23CV247**<br><br>**ORDER** |

　　　　This matter came before the appointed special master for a discovery dispute telephone conference on October 8, 2024. Both parties raised discovery issues by informal position statements. This Order memorializes the matters discussed and agreed to during the call. Neither party is given leave to file a motion to compel at this time.

　　**I.　　Plaintiff's Issues**

　　**A.  Vocational Rehabilitation Department**

　　Plaintiff first raised the issue of discovery into Union Pacific's vocational rehabilitation department via its Interrogatory Number 7. Defendant had refused to the answer on the basis it was overly broad and irrelevant. The Court determines that Plaintiff's interrogatory about vocational rehabilitation is relevant in that it goes to the question of whether Plaintiff mitigated his damages by refusing to work with Union Pacific on placement in another position. Defendant agreed to investigate what a search would entail to find records of employees in similar jobs who were served by Union Pacific's vocational rehabilitation department within the three years preceding the complaint. If such a search proves unduly burdensome, Defendant may raise that objection to the appointed special master or assigned magistrate judge at that time.

1

### B. Collective Bargaining Agreement

Plaintiff seeks a copy of the applicable collective bargaining agreement. Plaintiff agrees to identify the relevant time frame and the union of which Plaintiff was a member, and Defendant agrees to produce the pertinent CBA and amendments. Should Defendant become aware at any point in time that the applicable CBA is other than the one produced, it shall produce the newly applicable CBA to Plaintiff forthwith.

### C. Depositions

Defendant is permitted to depose Dr. Charbonneau if he so chooses despite Defendant's representation that he has no knowledge of this case; the medical comments history indicates Dr. Charbonneau "reviewed" the case and Plaintiff is permitted to explore the extent of his knowledge if he wants. Neither party has waived any objections or the ability to raise any issues regarding the depositions based solely on the scheduling difficulties experienced thus far. The parties shall work together on scheduling the remaining depositions and each side remains limited to 10 depositions as agreed to by the parties in their Rule 26(f) report.

### D. Interrogatory 1: Cost of Benefits Summary

Plaintiff will amend his Interrogatory 1 and/or propound additional pertinent discovery regarding the cost of benefits summary table that Defendant produced in response to Interrogatory 1, and Defendant shall thereafter respond. Plaintiff's amended discovery will not seek any attorney work product, such as the manner in which the summary table was produced.

## II. Defendant's Issues

### A. Plaintiff's Doctors: Interrogatories 6 and 16

Plaintiff clarified that there are no additional treating physicians other than those disclosed in his Rule 26(a) initial disclosures.

**B. Defendant's Interrogatories 10 through 19**

These interrogatories generally seek details about Plaintiff's disability, reasonable accommodations, and the policies, practices or qualification standards upon which his claims are based. Plaintiff agrees to amend his answers to identify the disability, to respond regarding reasonable accommodations, to identify anyone at Union Pacific who he made aware of his disability, and to identify the policies, practices or qualification standards he alleges are discriminatory. To the extent the interrogatories call for additional supporting facts, they are contention interrogatories which Plaintiff need not answer now and for which he will amend his answer(s) at the close of discovery.

Accordingly,

IT IS ORDERED:

1. The parties shall amend their discovery as discussed in the telephone call and shall bring any future issues to the Court's attention in accordance with the District's Civil Case Management Practices.

2. Pursuant to Federal Rule of Civil Procedure 53(f) and the Order Appointing Master in this case, Filing No. 36, the parties have 21 days to object to this order.

Dated this 8th day of October, 2024.

SIGNED:

s/ Kate O. Rahel  
Appointed Special Master